

FILED

JUL 1 2 2013

DAVID CREWS, CLERK
BY_____
Deputy

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**SANDRA WEEDEN-WILLIAMS,**                                    **PLAINTFF**
**on behalf of herself and others similarly situated**

**vs.**                                            3:13CV178-M-V

**DILLARDS, INC., a**
**Foreign For-Profit Corporation**                            **DEFENDANT**

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff, SANDRA WEEDEN-WILLIAMS, on behalf of herself and
those similarly situated (hereinafter "Plaintiff"), files this Complaint against DILLARDS, INC.
(hereinafter "Defendant") on behalf of herself and those similarly situated individuals, for failure
minimum wage, unpaid overtime compensation, other relief under the Fair Labor Standards Act,
as amended, 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a) (the "FLSA") states the following:

### I.     PARTIES

1.     Plaintiff is an adult citizen and resident of Tennessee who was employed by
Defendant in Desoto County, Mississippi as an inside sales person at times subject to this
lawsuit.

2.     The proposed class members worked for Defendant as inside sales persons
throughout the Country.

3.     Plaintiff and the proposed class members were subjected to similar violations of
the FLSA. The class of similarly situated employees or potential class members sought to be
certified under 29 U.S.C. 216(b) is defined as:

1

> **All persons who worked for Defendants as inside salespersons during the three (3) years preceding this lawsuit, and who were not paid at least the overtime pay rate of time and one half their regular rate of pay pursuant to the FLSA for each hour worked.**

The precise size and identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and its related and affiliated entities.

4. Defendant is a foreign corporation that operates and conducts business in Desoto County, Mississippi and other locations in the State of Mississippi.

5. Defendant owns and operates approximately three hundred and two (302) stores in twenty-nine (29) states.

6. Each of Defendant's locations shares and has interrelated operations.

7. Additionally, the employee or training handbook was the same for each of Defendant's locations.

8. Based on information and belief the significant policies, memorandum, and management directives for Defendant's locations originated out of the Defendant's corporate headquarters located in Little Rock, Arkansas.

9. Upon information and belief, the same person or persons have financial ownership and control over each Dillard's location.

## II. JURISDICTION

10. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

2

### III.    CLASS/COLLECTIVE FACTUAL ALLEGATIONS

12.    The claims under the FLSA may pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

13.    The number of individuals in the class is so numerous that joinder of all members is impracticable.

14.    The exact number of members of each class can be determined by reviewing Defendant's records however, Plaintiff is informed and believes that there are hundreds of eligible individuals in the defined class.

15.    Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

16.    Plaintiff has no interest that is contrary to, or in conflict with, the members of the class.

17.    A class/collective action suit, such as this one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

18.    A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class will likely not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA.

19.    Furthermore, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

20.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

21.     There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

22.     The questions of law and fact common to the class predominate over any questions affecting solely the individual members.

23.     Among the common questions of law and fact are:

a.     Whether the Defendant employed sales associates within the meaning of the applicable statutes, including the FLSA;

b.     Whether sales associates were misclassified as "exempt" under the sales exemption of the FLSA;

c.     Whether Defendant failed to pay Plaintiff and members of the class the full and complete overtime wages due to them;

d.     What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

e.     Whether Defendant's failure to compensate the Plaintiff and members of the class at the applicable premium rate of time and one half their regular rate of pay for all hours worked in excess of forty (40) within a work week was intentional, willful, intentional or done with reckless disregard.

24.     The relief sought is common to the entire class including, *inter alia*:

a.     Payment by the Defendant of actual damages caused by its failure to pay overtime wages pursuant to the FLSA;

4

b.   Payment by the Defendant of liquidated damages caused by their failure to pay overtime wages pursuant to the FLSA, or if liquidated damages are not awarded then pre-judgment and post-judgment interest at the highest rate allowable by law;

c.   Payment by the Defendant of the costs and expenses of this action, including attorneys' fees of Plaintiff's counsel;

d.   Any other relief this Court deems just and appropriate.

25.   Plaintiff's claims are typical of the claims of the members of the class.

26.   Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policies of Defendant in violation of the FLSA.

27.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### III.   COVERAGE

28.   At all material times relevant to this action (2010-2013), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

29.   At all material times relevant to this action, Defendant employed two (2) or more employees engaged in interstate commerce, as Defendant's employees regularly used interstate e-mail, mail, facsimile, and telephone lines to conduct Defendant's business.

30.   Additionally, Defendant's employees regularly interacted with interstate clientele, and handled goods which were moved in interstate commerce – including, but not limited to, Defendant's clothing items, shoes, cosmetics and other merchandise.

31.   In addition, Plaintiff was individually covered by the FLSA as she regularly interacted with interstate clientele, regularly used interstate e-mail, mail, facsimile, and telephone

lines in the performance of her job duties, and regularly handled goods that originated out of state.

32.     At all material times relevant to this action, Defendant's earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per year within the last three (3) years.

33.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and other similarly situated employees, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated, for those hours worked in excess of forty (40) within a work week.

## IV.     STATEMENT OF FACTS

34.     Defendant is one of the nation's largest fashion apparel, cosmetics, and home furnishing retailers, with locations throughout the country.

35.     Defendant has been in business since the 1960's and continues to do business in Mississippi and throughout the United States.

36.     Plaintiff was initially hired by Defendant in November of 2006 as a clerk in Defendant's "Men's Department" at its Town Loop Center location in Southaven, Mississippi.

37.     In late 2010, Plaintiff was transferred to Defendant's "Shoe Department," where she was told she would be paid an hourly wage, plus commissions, for her work.

38.     Plaintiff rarely, if ever, received any commissions.

39.     Plaintiff was told she would only receive commissions if she met a one thousand, eight hundred and 0/100 dollar ($1,800.00) per day sales quota.

6

40. If Plaintiff did not meet her daily sales quota, the sales "deficit" would "carry over" from day to day, making it virtually impossible for Plaintiff to receive the commissions she was promised, and consequently, her overtime.

41. When Plaintiff asked why she did not receive time and one half her regular hourly rate for her overtime hours each week, she was told that "commission employees don't get overtime."

42 A true and correct copy of the hours worked and amounts paid to Plaintiff for the pay period beginning May 15, 2011 and ending May 21, 2011 is attached hereto as Exhibit "A".

43. A true and correct copy of the hours worked and amounts paid to Plaintiff for the pay period beginning May 22, 2011 and ending May 28, 2011 is attached hereto as Exhibit "B".

44. A true and correct copy of the hours worked and amounts paid to Plaintiff for the pay period beginning July 24, 2011 and ending July 30, 2011 is attached hereto as Exhibit "C".

45. A true and correct copy of the hours worked and amounts paid to Plaintiff for the pay period beginning July 31, 2011 and ending August 6, 2011 is attached hereto as Exhibit "D".

46. Plaintiff worked for Defendant from November 2006 until approximately August 25, 2011.

47. Plaintiff's job duties, and the job duties of those similarly situated, included routine customer service-type tasks, in addition to merchandise stocking, and sales of Defendant's products.

48. Plaintiff, and those similarly situated, were not primarily responsible for performing work related to the management of Defendant's business.

49.     Plaintiff, and those similarly situated, did not exercise discretion or independent judgment with respect to any matters of significance, as related to the management of Defendant's business.

50.     At all times relevant, the amount of "commissions" earned by Plaintiff, and those similarly situated, was less than one half (or fifty percent) of her entire compensation for the representative period as defined by 29 C.F.R. § 779.412.

51.     Beginning in November 2006, and continuing through the date of her termination, Plaintiff regularly worked in excess of forty (40) hours per workweek.

52.     Plaintiff's schedule varied from week to week, but she regularly worked between forty (40) and fifty (50) hours per week.

53.     Defendant had knowledge of the hours worked by Plaintiff, or reasonably should have known of the hours worked by Plaintiff.

54.     Defendant did not pay Plaintiff, or those similarly situated, for all of her overtime hours worked.

55.     Defendant did not pay Plaintiff, or those similarly situated, time and one half regular hourly rate for all hours worked over forty (40) each week.

56.     There exist individuals similarly-situated to Plaintiff in that they: (1) worked as sales clerks for Defendant; (2) regularly worked more than forty (40) hours per week; (3) earned less than half of their monthly income in commission (and many times without any commission at all) but (3) were misclassified as "exempt" from the overtime provisions of the FLSA.

57.     Upon information and belief, Defendant's Southaven, Mississippi location currently employs approximately 15-20 individuals similarly situated to Plaintiff.

8

58.    Upon information and belief, Defendant employs hundreds of sales clerks throughout the United States who work overtime but are improperly misclassified as "exempt" sales commission employees.

59.    Defendant's policy of misclassifying its sales clerks has deprived these employees of their statutory right to overtime compensation.

60.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT 1 – RECOVERY OF OVERTIME COMPENSATION

61.    Plaintiff reincorporates and adopts the allegations in paragraphs 1 – 60 above.

62.    Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek.

63.    During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

64.    Specifically, Defendant was aware that Plaintiff, and those similarly situated employees, performed non-exempt job duties, but still refused to pay Plaintiff overtime hours for hours worked over forty (40).

65.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated, time and one half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated, have suffered damages plus incurring reasonable attorneys' fees and costs.

66.    In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff and those similarly situated.

67.     Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff and those similarly situated

68.     As a result of Defendants' willful violation of the FLSA, Plaintiff, on behalf of herself and those similarly situated, are entitled to liquidated damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, on behalf of herself and all others similarly situated, seek entry of a judgment in her favor and against Defendant, as well as payment of all overtime owed, an equal amount in liquidated damages and payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

THIS the 10th day of July, 2013.

Respectfully submitted,

SANDRA WEEDEN-WILLIAMS

Christopher W. Espy, Esq., MSB #102424
CHRISTOPHER W. ESPY,
ATTORNEY AT LAW, PLLC.
P.O. Box 13722
Jackson, MS 39236-3722
Tel.: (601) 812-5300
Fax: (601) 500-5719
Email: chris.espy@espylawpllc.com

ATTORNEY FOR PLAINTIFF

# Dillard's, Inc.

### Little Rock, Arkansas

## STATEMENT OF EARNINGS AND DEDUCTIONS

### PAY SUMMARY

NAME: **SANDRA F WEEDEN-WILLIAMS**
AIN:

CHECK TYPE: **Regular**
PAYMENT METHOD: **Direct Deposit**
EFFECTIVE: **05/26/2011**

| | CURRENT | YTD |
|---|---|---|
| EARNINGS | 449.60 | 9024.52 |
| -TAXES | 81.57 | 1586.41 |
| -DEDUCTIONS | 38.27 | 862.79 |
| +EIC | | |
| +PER DIEM | | |
| =NET | 329.76 | 6575.32 |

| EARNINGS/CONTRIBUTIONS | HOURS | CURRENT | YTD | YTD/HOURS |
|---|---|---|---|---|
| Regular Pay | 40.30 | 439.27 | 7442.81 | 660.90 |
| Sick | | | 459.34 | 39.90 |
| Vacation | | | 459.20 | 40.00 |
| Birthday | | | 57.00 | 5.00 |
| Holiday | | | 207.48 | 18.20 |
| Worked Holiday | | | 132.24 | 11.60 |
| Premium | | | 66.12 | 11.60 |
| Instant Credit | | | 10.00 | |
| IPS Commission | | | 151.44 | |
| Sales Prep | 0.90 | 10.33 | 38.89 | 3.40 |
| TOTAL EARNINGS | | 449.60 | 9024.52 | |
| 401K(To Plan Trustee) | | 13.49 | 270.75 | |

| PRETAX DEDUCTIONS | AMT | CURRENT | YTD | CURRENT TAXABLE WAGES | YTD TAXABLE WAGES |
|---|---|---|---|---|---|
| Health | | | 259.48 | | |
| Life | 3.24 | | 12.15 | | |
| AON Pretax Ins | 10.61 | 10.61 | 124.39 | | |
| 401K Contributions | 5.0% | 22.48 | 451.23 | | |
| TOTAL PRETAX DEDUCTIONS | | 33.09 | 847.25 | | |

| DEDUCTIONS/TAXES | AMT | CURRENT | YTD | CURRENT TAXABLE WAGES | YTD TAXABLE WAGES |
|---|---|---|---|---|---|
| AON After Tax Ins | 5.18 | 5.18 | 15.54 | | |
| Federal Income Tax | | 48.25 | 942.21 | 416.51 | 8177.27 |
| Social Security | | 18.44 | 362.40 | 438.99 | 8628.50 |
| Medicare | | 6.38 | 125.11 | 438.99 | 8628.50 |
| State tax MS | | 8.52 | 156.69 | 416.51 | 8177.27 |

| TAX DECLARATIONS | | | | | |
|---|---|---|---|---|---|
| FEDERAL | | Single,0XMPT | LOCATION | | 0412 |
| STATE | MS | Single,2XMPT | EXPENSE | | 680011 |
| LOCAL | | | WKC | | 0660 |
| COUNTY | | | PAY PERIOD | | 05/15/2011 |

|  |  | THRU | 05/21/2011 |
|---|---|---|---|
| RATE OF PAY | 10.90 | VAC AVAIL | 53.5 |
| NEXT REVIEW | SEP 11 | TIME OFF AVAIL | 0.0 |

You have been paid for 41.2 hours this pay period. You worked 41.2 hours consisting of 40.3 chargeable hours and .9 hours that were not chargeable.

# Dillard's, Inc.

Little Rock, Arkansas

## STATEMENT OF EARNINGS AND DEDUCTIONS

### PAY SUMMARY

| NAME:SANDRA F WEEDEN-WILLIAMS AIN: | | | |
|---|---|---|---|
| | | CHECK TYPE:**Commission** | |
| | | PAYMENT METHOD:**Direct Deposit** | |
| | | EFFECTIVE:**06/03/2011** | |

| | CURRENT | YTD |
|---|---|---|
| EARNINGS | 444.54 | 9469.06 |
| -TAXES | 80.33 | 1666.74 |
| -DEDUCTIONS | 38.02 | 900.81 |
| +EIC | | |
| +PER DIEM | | |
| =NET | 326.19 | 6901.51 |

| EARNINGS/CONTRIBUTIONS | HOURS | CURRENT | YTD | YTD/HOURS |
|---|---|---|---|---|
| Regular Pay | 40.60 | 442.54 | 7885.35 | 701.50 |
| Sick | | | 459.34 | 39.90 |
| Vacation | | | 459.20 | 40.00 |
| Birthday | | | 57.00 | 5.00 |
| Holiday | | | 207.48 | 18.20 |
| Worked Holiday | | | 132.24 | 11.60 |
| Premium | | | 66.12 | 11.60 |
| Instanl Credit | | 2.00 | 12.00 | |
| IPS Commission | | | 151.44 | |
| Sales Prep | | | 38.89 | 3.40 |
| TOTAL EARNINGS | | 444.54 | 9469.06 | |
| | | | | |
| 401K(To Plan Trustee) | | 13.34 | 284.09 | |

| PRETAX DEDUCTIONS | AMT | CURRENT | YTD | CURRENT TAXABLE WAGES | YTD TAXABLE WAGES |
|---|---|---|---|---|---|
| Health | | | 259.48 | | |
| Life | 3.24 | | 12.15 | | |
| AON Pretax Ins | 10.61 | 10.61 | 135.00 | | |
| 401K Contributions | 5.0% | 22.23 | 473.46 | | |
| TOTAL PRETAX DEDUCTIONS | | 32.84 | 880.09 | | |
| DEDUCTIONS/TAXES | | | | | |
| AON After Tax Ins | 5.18 | 5.18 | 20.72 | | |
| Federal Income Tax | | 47.53 | 989.74 | 411.70 | 8588.97 |
| Social Security | | 18.22 | 380.62 | 433.93 | 9062.43 |
| Medicare | | 6.30 | 131.41 | 433.93 | 9062.43 |
| State tax MS | | 8.28 | 164.97 | 411.70 | 8588.97 |

| TAX DECLARATIONS | | | | | |
|---|---|---|---|---|---|
| FEDERAL | | Single,0XMPT | LOCATION | | 0412 |
| STATE | MS | Single,2XMPT | EXPENSE | | 680011 |
| LOCAL | | | WKC | | 0660 |
| COUNTY | | | PAY PERIOD | | 05/22/2011 |

Exhibit B

Welcome to the Dillard's EStub

| | | THRU | 05/28/2011 |
|---|---|---|---|
| RATE OF PAY | 10.90 | VAC AVAIL | 55.5 |
| NEXT REVIEW | SEP 11 | TIME OFF AVAIL | 0.0 |

You have been paid for 40.6 hours this pay period. You worked 40.6 hours consisting of 40.6 chargeable hours and .0 hours that were not chargeable.

Case: 3:13-cv-00178-MPM-JMV Doc #: 1 Filed: 07/12/13 15 of 18 PageID #: 15
Welcome to the Dillard's EStub
Page 1 of 2

# Dillard's, Inc.

Little Rock, Arkansas

## STATEMENT OF EARNINGS AND DEDUCTIONS

| PAY SUMMARY | | | | | |
|---|---|---|---|---|---|
| NAME: SANDRA F. WEEDEN-WILLIAMS | | | | | |
| AIN: | | CHECK TYPE: Commission | | | |
| | | PAYMENT METHOD: Direct Deposit | | | |
| | | EFFECTIVE: 08/05/2011 | | | |
| | | CURRENT | | YTD | |
| EARNINGS | | 501.41 | | 13091.35 | |
| -TAXES | | 94.34 | | 2309.89 | |
| -DEDUCTIONS | | 42.59 | | 1236.31 | |
| +EIC | | | | | |
| +PER DIEM | | | | | |
| =NET | | 364.48 | | 9545.15 | |

| EARNINGS/ CONTRIBUTIONS | HOURS | CURRENT | YTD | YTD/HOURS |
|---|---|---|---|---|
| Regular Pay | 43.60 | 475.24 | 10906.83 | 978.70 |
| Sick | | | 459.34 | 39.90 |
| Vacation | | | 910.69 | 79.50 |
| Birthday | | | 57.00 | 5.00 |
| Holiday | | | 207.48 | 18.20 |
| Worked Holiday | | | 193.28 | 17.20 |
| Premium | | | 96.84 | 17.20 |
| Instant Credit | | | 14.00 | |
| IPS Commission | | | 151.44 | |
| Sales Prep | 2.30 | 26.17 | 94.65 | 8.30 |
| TOTAL EARNINGS | | 501.41 | 13091.35 | |
| | | | | |
| 401K(To Plan Trustee) | | 15.04 | 392.75 | |

| PRETAX DEDUCTIONS | AMT | CURRENT | YTD | CURRENT TAXABLE WAGES | YTD TAXABLE WAGES |
|---|---|---|---|---|---|
| Health | | | 259.48 | | |
| Life | 3.56 | | 17.49 | | |
| AON Pretax Ins | 10.61 | 10.61 | 230.49 | | |
| 401K Contributions | 5.0% | 25.07 | 654.58 | | |
| TOTAL PRETAX DEDUCTIONS | | 35.68 | 1162.04 | | |
| DEDUCTIONS/TAXES | | | | | |
| 401K Loan | 6.91 | 6.91 | 48.37 | | |
| AON After Tax Ins | | | 25.90 | | |
| Federal Income Tax | | 55.63 | 1368.87 | 465.73 | 11929.31 |
| Social Security | | 20.61 | 528.52 | 490.80 | 12583.89 |
| Medicare | | 7.12 | 182.47 | 490.80 | 12583.89 |
| State tax MS | | 10.98 | 230.03 | 465.73 | 11929.31 |

| TAX DECLARATIONS | | | | | |
|---|---|---|---|---|---|
| FEDERAL | | Single,0XMPT | LOCATION | | 0412 |
| STATE | MS | Single,2XMPT | EXPENSE | | 680011 |
| LOCAL | | | WKC | | 0660 |

Exhibit C

8/4/2011

Case: 3:13-cv-00178-MPM-JMV Doc #: 1 Filed: 07/12/13 16 of 18 PageID #: 16
Welcome to the Dillard's EStub
Page 2 of 2

| COUNTY | | | PAY PERIOD | 07/24/2011 |
|---|---|---|---|---|
| | | | THRU | 07/30/2011 |
| RATE OF PAY | | 10.90 | VAC AVAIL | 28.0 |
| | | | TIME OFF AVAIL | 7.9 |
| NEXT REVIEW | | SEP 11 | | |

You have been paid for 45.9 hours this pay period. You worked 45.9 hours
consisting of 43.6 chargeable hours and 2.3 hours that were not chargeable.

Welcome to the Dillard's EStub

# Dillard's, Inc.

### Little Rock, Arkansas

## STATEMENT OF EARNINGS AND DEDUCTIONS

### PAY SUMMARY

NAME: SANDRA F WEEDEN-WILLIAMS

AIN:

CHECK TYPE: **Regular**

PAYMENT METHOD: **Direct Deposit**

EFFECTIVE: **08/11/2011**

| | CURRENT | YTD |
|---|---|---|
| EARNINGS | 486.57 | 13577.92 |
| -TAXES | 90.00 | 2399.89 |
| -DEDUCTIONS | 44.52 | 1280.83 |
| +EIC | | |
| +PER DIEM | | |
| =NET | 352.05 | 9897.20 |

| EARNINGS/ CONTRIBUTIONS | HOURS | CURRENT | YTD | YTD/HOURS |
|---|---|---|---|---|
| Regular Pay | 42.40 | 462.16 | 11368.99 | 1021.10 |
| Sick | | | 459.34 | 39.90 |
| Vacation | | | 910.69 | 79.50 |
| Birthday | | | 57.00 | 5.00 |
| Holiday | | | 207.48 | 18.20 |
| Worked Holiday | | | 193.28 | 17.20 |
| Premium | | | 96.64 | 17.20 |
| Instant Credit | | 4.00 | 18.00 | |
| IPS Commission | | | 151.44 | |
| Sales Prep | 1.80 | 20.41 | 115.06 | 10.10 |
| TOTAL EARNINGS | | 486.57 | 13577.92 | |
| | | | | |
| 401K(To Plan Trustee) | | | 14.60 | 407.35 |

| PRETAX DEDUCTIONS | AMT | CURRENT | YTD | CURRENT TAXABLE WAGES | YTD TAXABLE WAGES |
|---|---|---|---|---|---|
| Health | | | 259.48 | | |
| Life | 3.56 | 2.67 | 20.16 | | |
| AON Pretax Ins | 10.61 | 10.61 | 241.10 | | |
| 401K Contributions | 5.0% | 24.33 | 678.91 | | |
| TOTAL PRETAX DEDUCTIONS | | 37.61 | 1199.65 | | |
| DEDUCTIONS/TAXES | | | | | |
| 401K Loan | 6.91 | 6.91 | 55.28 | | |
| AON After Tax Ins | | | 25.90 | | |
| Federal Income Tax | | 53.12 | 1421.99 | 448.96 | 12378.27 |
| Social Security | | 19.88 | 548.40 | 473.29 | 13057.18 |
| Medicare | | 6.86 | 189.33 | 473.29 | 13057.18 |
| State tax MS | | 10.14 | 240.17 | 448.96 | 12378.27 |

| TAX DECLARATIONS | | | |
|---|---|---|---|
| FEDERAL | | Single,0XMPT | |
| STATE | MS | Single,2XMPT | |
| LOCAL | | | |

| | |
|---|---|
| LOCATION | 0412 |
| EXPENSE | 680011 |
| WKC | 0660 |

Exhibit D

8/10/2011

| COUNTY | | PAY PERIOD | 07/31/2011 |
|---|---|---|---|
| | | THRU | 08/06/2011 |
| RATE OF PAY | 10.90 | VAC AVAIL | 29.0 |
| NEXT REVIEW | SEP 11 | TIME OFF AVAIL | 7.9 |

You have been paid for 44.2 hours this pay period. You worked 44.2 hours
consisting of 42.4 chargeable hours and 1.8 hours that were not chargeable.